CARLTON, J.,
Concurring in Part, Dissenting in Part:
¶ 39. I agree with the majority’s finding that the trial court erred by admitting Raymond L. Panned’s confession, as the police’s conduct in showing Panned the evidence against him, after he raised his right to counsel, constituted the functional equivalent of police-initiated interrogation. However, I find that this error was harmless in light of the remaining evidence against Panned, which was overwhelming in my opinion. Accordingly, I respectfully dissent.
¶40. As the majority notes, “errors involving a violation of an accused’s constitutional rights may be deemed harmless beyond a reasonable doubt where the weight of the evidence against the accused is overwhelming.” Haynes v. State, 934 So.2d 983, 991(31) (Miss.2006) (quoting Clark v. State, 891 So.2d 136, 142(29) (Miss.2004)). I am mindful that error in admitting a tainted confession is rarely harmless in the absence of other admissible confessions. See Balfour v. State, 580 So.2d 1203, 1209-10 (Miss.1991) (citations omitted).[3] However, contrary to the majority’s determination, I find that, aside from his confession, the evidence against Panned was overwhelming, and the trial court’s error in admitting the confession was harmless beyond a reasonable doubt.
¶ 41. I find most significant, the eyewitness testimony of Panned’s own brother, *291 Herman, who testified that he encountered Pannell at a relative’s trailer near[4] Teresa’s house on the morning of the fire. Pannell was angry because Teresa had locked the gate to the house, and Pannell told Herman:
I’m going to kill her and burn the house down. She ain’t taking my place. This is family. She’s not taking my place. I’ll burn it down before she does. I’m going to give you my phone number. You call me if any of the Roberts family comes over. You let me know.
¶ 42. Herman left the trailer and returned approximately an hour-and-a-half later to find Pannell running toward him from the direction of Teresa’s house. He saw Pannell toss either a rifle or a shotgun in his car and drive off. Minutes later, Herman noticed “big ole black smoke just a rolling” from Teresa’s house.
¶ 43. Additionally, Teresa testified that she saw Pannell at a restaurant the day before the fire. On this occasion, Pannell told her that he would burn the house down before he let her move back into it; Pannell admitted that he saw Teresa the day before the fire, and he was angry with her.
¶ 44. In my opinion, the evidence against Pannell was quite damning. He repeatedly stated his intent to burn down Teresa’s house, and he was seen fleeing from the direction of the nearby house only moments before the fire was discovered. Also, his motive was abundantly clear. Therefore, I find that the error in admitting Pannell’s confession was harmless beyond a reasonable doubt. For these reasons, I would affirm the judgment of conviction entered in the circuit court.
IRVING, J., JOINS THIS OPINION.

. The majority cites Balfour, 580 So.2d at 1210, for the proposition that “the admission of a confession in violation of the defendant’s constitutional rights is not harmless error where the confession in question was the only confession available.” In my opinion, this is an imprecise and overly broad statement of the law. In Balfour the court observed that where “the [erroneous] admission of a tainted full confession [has been] held harmless, almost without exception, the court has been presented with other full confessions which passed constitutional muster.” Balfour, 580 So.2d at 1209 (citations omitted) (emphasis added). Since Balfour, the Mississippi Supreme Court has held the admission of a tainted confession harmless in the absence of an additional admissible confession where the remaining evidence against the defendant was overwhelming. See Haynes, 934 So.2d at 991-92 (31-36).

. From the record, it appears that this trailer was situated less than a quarter mile from Teresa's house.